IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YULONDA RICHARDSON, #1172919, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-1611-G |
| ) | |
| AETNA INSURANCE IRVING, TEXAS, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division. She is proceeding *in forma pauperis*. Defendant is Aetna Insurance Company from Irving, Texas.

No process has been issued in this case pending preliminary screening. On September 25, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed her answers thereto on October 11, 2007.

Statement of Case: The complaint, supplemented by the answers to the magistrate judge's questionnaires, alleges Defendant discriminated against Plaintiff on the basis of her sex, race and national origin, when it terminated her employment in 2001. (Complaint at 4, and Answer to Question 4).

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*. The complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff filed the complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1] That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984). Defendant Aetna Insurance is a private corporation. As such its conduct is not cognizable under § 1983.

Moreover, Plaintiff's claims against Aetna, which stem from the termination of her employment in 2001, are clearly bared by the two-year statute of limitations. *See Stanley v.*

---

[1] 42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

*Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in Texas, § 1983 actions are governed by the two-year personal injury limitations period); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," as frivolous); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2007) (setting out two-year statute of limitations). Accordingly, insofar as the complaint relies on § 1983, it lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

In answer to the complaint, Plaintiff asserts that she is seeking to sue Defendant Aetna Insurance for employment discrimination under Title VII. (*See* Answer to Question 3 of the magistrate judge's questionnaire). As a condition precedent to filing a Title VII action, a plaintiff must comply with the following administrative requirements:

> (1) file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the alleged unlawful employment practice or within three hundred (300) days if the aggrieved party has initially instituted proceedings with an appropriate state or local agency; and
> (2) obtain a notice of right to sue letter from the EEOC.

42 U.S.C. §§ 2000e-5(e)(1) & (f)(1).

Failure to comply with the above requirements deprives the court of subject matter jurisdiction. *National Assn. of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir. 1994); *Clerk v. Kraft Foods, Inc.,* 18 F.3d 1278, 1279 (5th Cir. 1994); *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990). Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

Plaintiff did not file a complaint with the EEOC with respect to the acts of Aetna Insurance and/or any of its employees. She concedes as much in answer to the magistrate judge's questionnaire. (Answer to Questions 6-7). Plaintiff has, thus, failed to exhaust her administrative remedies before filing the complaint in this action. Accordingly, this action should be dismissed for lack of subject matter jurisdiction. *National Assn. of Gov't Employees,* 40 F.3d at 711-12 (unless a claim of discrimination has first been timely filed with the EEOC, the court is barred from adjudicating it).

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as the complaint relies on 42 U.S.C. § 1983, it should be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b)(1).

It is further recommended that, to the extent the complaint relies on Title VII, it should be DISMISSED for lack of subject matter jurisdiction.

A copy of this recommendation will be MAILED to Plaintiff.

Signed this 10th day of December, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.